UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICENTE AVALOS GARCIA (A-221-489-580),<br><br>                  Petitioner,<br><br>          v.<br><br>CHRISTOPHER CHESTNUT, Warden of the California City Detention Facility, et al.,<br><br>                  Respondents. | No. 1:26-cv-1933 DC CSK<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Vincente Avalos Garcia (A-221-489-580), a native and citizen of Guatemala, entered the United States without inspection in or about 2018, filed a verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  In January 2026, petitioner was arrested and detained by U.S. Immigration and Customs Enforcement ("ICE") officers during a vehicle stop in Maryland.  This habeas action concerns petitioner's January 2026 detention.  For the reasons that follow, the Court recommends granting the petition for a writ of habeas corpus and requiring respondents to provide petitioner with a bond hearing.

///

///

---

[1]  Petitioner paid the filing fee and is proceeding through counsel.  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

## I.   FACTUAL BACKGROUND[2]

Petitioner, a native and citizen of Guatemala, entered the United States without inspection in or about 2018 when he was about 19 years old.  (ECF No. 1 at 6.)  Petitioner has resided in the United States continuously since that time.  (Id.)  Petitioner has never been removed and has no final order of removal.  (Id. at 19.)  Petitioner was arrested by ICE officers on or about January 24, 2026 during a vehicle stop in Maryland.[3]  (ECF No. 11 at 3.)  The vehicle stop was not based on criminal conduct on the part of petitioner, but rather immigration officials conducted the stop because the vehicle was registered to another person with an alleged "derogatory immigration history."  (ECF No. 10-1 at 2 (Form I-213).)  On January 24, 2026, a warrant for arrest of alien was issued by the U.S. Department of Homeland Security ("DHS") pursuant to the Immigration and Nationality Act ("INA") Sections 236 (8 U.S.C. § 1226) and 287 (8 U.S.C. § 1357).[4]  (ECF No. 10-2 at 1.)

Petitioner has no criminal history, let alone disqualifying criminal arrests or convictions subjecting him to mandatory detention, which respondents do not dispute.  (ECF No. 1 at 18-19; see ECF No. 10.)  Immigration records confirm petitioner has no criminal history.  (ECF No. 10-1 at 3.)  Petitioner alleges that he has been denied an opportunity to seek release on personal recognizance or bond, either before ICE or an immigration judge.  (ECF No. 1 at 6.)  Petitioner was transferred from Maryland to the California City Detention Facility ("CCDF").  (Id.)

## II.   PROCEDURAL BACKGROUND

On March 10, 2026, petitioner filed his petition for writ of habeas corpus.  (ECF No. 1.)

---

[2]  Petitioner filed a verified habeas petition.  (ECF No. 1 at 5.)  A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit."  L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).  Other than the date of petitioner's arrest and detention (January 24, 2026 versus January 27, 2026), and the existence of an arrest warrant, respondents do not contest any other factual allegations raised by petitioner.  (See ECF No. 10.)

[3]  In his pleadings, petitioner claims he was arrested and detained on or about January 27, 2026. (ECF No. 1 at 5, 6; ECF No. 11 at 3.)  However, the Form I-213 and the arrest warrant both indicate petitioner was arrested and detained on January 24, 2026.  (ECF No. 10-1 at 2-3; 10-2.) This Court uses January 24, 2026, as the date of petitioner's arrest and detention.

[4]  Petitioner initially claimed he was detained without a warrant.  (ECF No. 1 at 2.)  Respondents argue petitioner was detained pursuant to a warrant for arrest of alien, and provided a copy of the arrest warrant.  (ECF No. 10 at 1; ECF No. 10-2.)

2

Petitioner is represented by pro bono counsel.  After petitioner's counsel's pro hac vice application was filed and approved, a scheduling order issued.  (ECF Nos. 5-9.)  On March 26, 2026, respondents filed a motion to dismiss.  (ECF No. 10.)  On April 2, 2026, petitioner filed an opposition to the motion to dismiss.  (ECF No. 11.)  Respondents did not file a reply.  (See Docket.)  Briefing is now complete.

**III.    LEGAL STANDARD**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

**IV.    DISCUSSION**

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community.  See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention).  Petitioner challenges his continued detention based on violation of the INA and the Administrative Procedure Act ("APA"), and violation of petitioner's substantive and procedural due process rights under the Fifth Amendment.  (ECF No. 1 at 18-23 (claims one through three).)  Respondents do not argue that petitioner is a flight risk or a danger to the community and instead argue that as an "applicant for admission," petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2)(A) and he is ineligible for a bond hearing.  (ECF No. 10 at 1-2.)  Respondents cite Avila v. Bondi, No. 25-3741, 2026 WL 819258 (8th Cir. Mar. 25, 2026) and Buenrostro-Mendez v. Bondi, 166 F.4th 494, 494  (5th Cir. 2026), in support of their position that § 1225(b)(2) is applicable here.  (Id. at

3

1.) Respondents also argue that petitioner does not possess a right to freedom from immigration detention in any form other than the form provided by Congress.  (Id. at 2.)  In the alternative, respondents request that the Court stay this matter pending resolution of Rodriguez Vazquez v. Bostock, No. 25-6842 (9th Cir.).  (Id.)

### A.       Statutory Claim (Claim One)

The issue here is whether petitioner, who has lived in the United States since 2018, is detained pursuant to § 1226(a), as petitioner argues, or whether petitioner is now subject to mandatory detention under § 1225(b)(2), as respondents argue.  8 U.S.C. § 1225(b)(2) mandates detention during removal proceedings for applicants "seeking admission" and does not provide for a bond hearing.  8 U.S.C. § 1226(a) "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal."  Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022).  Under § 1226(a), the government makes an initial custody determination, and the noncitizen will be released upon a showing "to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding."  Rodriguez Diaz, 53 F.4th at 1196 (citing 8 C.F.R. § 236.1(c)(8)).  Section 1226(a) provides "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change."  Id. at 1202.  Therefore, "[i]f the noncitizen is detained under section 1226(a), she is entitled to a bond hearing."  Labrador-Prato v. Noem, 2025 WL 3458802, at *3 (E.D. Cal. Dec. 2, 2025) (citing Jennings v. Rodriguez, 583 U.S. 281, 306 (2018)).  Respondents contend § 1225(b)(2) applies because petitioner is an "applicant for admission" and therefore subject to mandatory detention. (ECF No. 10 at 1-2.)

The Court concludes that § 1226(a) applies to petitioner.  This Court agrees with and joins the majority of courts nationwide, including the Eastern District of California, in rejecting respondent's new interpretation[5] of Sections 1225 and 1226.  See Rodriguez Vazquez v. Bostock,

---

5   Until DHS changed its policy in July 2025, the Government consistently applied Section

802 F. Supp.3d 1297, 1303, 1328-30 (W.D. Wash. Sept. 30, 2025) (concluding, after a thorough analysis, that "the government's [interpretation of § 1225] belies the statutory text of the [Immigration and Nationality Act], canons of statutory interpretation, legislative history, and longstanding agency practice"); J.Y.L.C. v. Bostock, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (collecting cases rejecting the government's assertion that § 1225 empowers DHS to arrest and hold a noncitizen present without legal status who has spent years in the U.S.); Cardona-Lozano v Noem, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) ("Repeatedly, [district courts across the country] have found that DHS and the [Board of Immigration Appeals'] construction of the [Immigration and Nationality Act] is incorrect and that petitioners who have long resided in the United States but are being held under § 1225 are entitled to relief.") (collecting cases)); Faizyan v. Casey, 2025 WL 3208844, at *5 (S.D. Cal. Nov. 17, 2025) (holding that § 1226 applies to a petitioner who "DHS has consistently treated" as subject to discretionary detention and "who has been residing in the United States for two years" (internal quotation marks and citation omitted)); Josue I.C.A. v. Lyons, 2025 WL 3496432, at 3 n.6 (E.D. Cal. Dec. 5, 2025) (collecting cases); Morales-Flores v. Lyons, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (collecting cases) ("Courts nationwide, including this one, have overwhelmingly rejected respondents' arguments and found DHS's new policy unlawful."); J.S. v. Wofford, 2026 WL 125258, at *1, *3-5 (E.D. Cal. Jan. 16, 2026), findings and recommendations adopted, 2026 WL 297304 (E.D. Cal. Feb. 4, 2026) (finding § 1226(a) applicable to immigration detainee who lived in the United States for approximately 33 years before being detained by ICE).

"These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [petitioner], living in the interior of the country." Salcedo Aceros v. Kaiser, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases). By contrast, "[t]he government's proposed reading of the statute (1) disregards the plain meaning of

---

1226(a), not Section 1225(b)(2), to noncitizens residing in the United States who were detained by immigration authorities and subject to removal. See Rodriguez Diaz, 53 F.4th at 1196.

5

section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." Guerro Lepe v. Andrews, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases). This Court incorporates and adopts the thorough and persuasive reasoning of the district court in Lepe, 2025 WL 2716910, at *3-9.

Further, respondents' reliance on Buenrostro-Mendez, 166 F.4th 494, and Avila, 2026 WL 819258, is unavailing. In Buenrostro-Mendez, the Fifth Circuit recently agreed with respondents' interpretation of § 1225(b)(2). This Court agrees with the district court in Gurvinder Singh v. Chestnut, 2026 WL 413839 (E.D. Cal. Feb. 14, 2026):

> Two courts of appeal have addressed whether 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens who have lived in the United States for years without having been admitted. See Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025) (concluding that government was not likely to prevail on the merits that petitioner was subject to mandatory detention under § 1225(b)(2)(A)); Buenrostro-Mendez v. Bondi, --- F.4th ---, Nos. 25-20496, 25-40701, 2026 WL 323330 (5th Cir. Feb. 6, 2026) (finding petitioners were subject to mandatory detention under § 1225(b)(2)(A)). Respondents cite to the Buenrostro-Mendez decision. Doc. 9 at 1. The Court finds the analysis in Castañon-Nava and in the dissent in Buenrostro-Mendez to be more persuasive on the statutory interpretation issue. In any event, the Buenrostro-Mendez decision did not address the due process claim at issue in the present case."

Gurvinder Singh, 2026 WL 413839, at *1 n.1. This Court does not find Buenrostro-Mendez to be persuasive for the reasons provided above. See also Singh v. Baltazar, 2026 WL 352870, at *3-6 (D. Colo. Feb. 9, 2026) (rejecting the Buenrostro majority in its interpretation of § 1225 as nonbinding and highlighting the Seventh Circuit Court of Appeals' disagreement with the Buenrostro majority) (citing Castanon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1052 (7th Cir. 2025)); Tomas Nicolas v. Warden, 2026 WL 364399, at *3 n.3 (S.D. Ind. Feb. 10, 2026) (disagreeing with Buenrostro majority and declining to follow); Chachipanta Cando v. Bondi, 2026 WL 357551, at *5 n.6 (D. Neb. Feb. 9, 2026) (same); Aroca v. Mason, 2026 WL 357872, at *15 n.40 (S.D. W.Va. Feb. 9, 2026) (same). The Court also finds unavailing respondents' reliance on Avila, 2026 WL 819258 because the Court finds more persuasive the Seventh Circuit's reasoning in Castanon-Nava, 161 F.4th at 1060-62, and the dissent in

6

Buenrostro-Mendez, 166 F.4th at 508-21, finding that 8 U.S.C. § 1225(b)(2) does not apply to noncitizens who are residing in the United States.  In any event, neither Buenrostro-Mendez nor Avila are binding on this Court.

Following the majority of courts, this Court also rejects the government's new interpretation of 8 U.S.C. § 1225(b)(2) and their contention that petitioner is an "applicant for admission" subject to § 1225(b)(2).  This Court finds that petitioner is detained under 8 U.S.C. § 1226(a) and its implementing regulations because petitioner has resided in this country for about eight years and his arrest and detention in January 2026 was not upon his arrival to the United States.  (See ECF No. 1 at 2.)  "Federal regulations provide that [noncitizens] detained under § 1226(a) receive bond hearings at the outset of detention."  Jennings, 583 U.S. at 306 (citing 8 CFR § 236.1(d)(1)).  If, at this hearing, the detainee demonstrates that he or she is not "a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk," the immigration judge will order his or her release.  Rodriguez Diaz, 53 F. 4th at 1197 (citing Matter of Guerra, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)).  As such, petitioner should have been provided a bond hearing, and he is entitled to relief on his statutory claim.

**B.      Petitioner's Other Claims for Relief**

Because petitioner's statutory claim provides petitioner adequate relief, this Court need not address petitioner's constitutional claims (claims two and three).  See Nw. Austin Mun. Util. Dist. No. One v. Holder, 557 U.S. 193, 205 (2009) ("normally the Court will not decide a constitutional question if there is some other ground upon which to dispose of the case") (citations omitted).  Considering the grant of habeas relief, petitioner's claim that his arrest and detention violated the APA (included in claim 1) also need not be resolved.

**V.      RESPONDENTS' REQUEST TO STAY**

Respondents' alternative request that this matter be stayed pending a ruling by the Ninth Circuit in Rodriguez v. Bostock, No. 25-6842 (9th Cir.) should be denied because a stay is not in the interests of petitioner, who has been detained since January 2026, and because a stay would not promote the efficient use of scarce judicial resources in a district with some of the highest caseloads in the country.  A stay would put a further strain on limited judicial resources.

## VI.    REMEDY

### A.    Immediate Release or Bond Hearing

As relief, petitioner requests immediate release from custody, arguing it is the sole relief that can address petitioner's unlawful arrest and detention.  (ECF No. 1 at 24-28.)  But in the event the Court orders a bond hearing rather than release, petitioner asks that a bond hearing before an immigration judge be held within seven days, and that respondents be required to bear the burden of establishing, by clear and convincing evidence, that petitioner poses a danger to the community or a risk of flight, petitioner be allowed to have counsel present, and the immigration judge be required to consider petitioner's ability to pay and alternatives to detention.  (ECF No. 1 at 30-31.)  Respondents contend petitioner should not be released, and if the Court orders a bond hearing, petitioner should bear the burden of showing he does not present a danger or a flight risk.  (ECF No. 10 at 3 (citing 8 C.F.R. §§ 236.1(d)(1), 1003.19; Rodriguez Diaz, 53 F. 4th at 1197 (describing the process under section 1226(a)).)

Considering § 1226(a)'s discretionary detention framework, and the absence of any prior release on bond pursuant to § 1226(a), this Court finds that an order directing respondents to provide a bond hearing, rather than immediate release, is the appropriate remedy.  See 8 U.S.C. § 1226(a)(1) (authorizing the Attorney General to arrest and detain noncitizens pending removal proceedings); Rodriguez Vazquez v. Bostock, 779 F. Supp. 3d 1239, 1263 (W.D. Wash. Apr. 24, 2025) (explaining "the specific harm [petitioner] alleges—that he is unlawfully barred from receiving a bond hearing on the merits—is remedied by granting his request for a bond hearing under Section 1226(a)[.]"); see also J.S. v. Wofford, 2026 WL 125258, at *8 (ordering bond hearing where no prior release on bond pursuant to § 1226(a)); Cresencio Sandoval Alvarez v. Warden, 2026 WL 913250, at *3 (E.D. Cal. Apr. 3, 2026) (same).  The Court further concludes that the appropriate burden of proof at this initial bond hearing is on petitioner where there was no prior release and in the absence of a prolonged detention finding.  See J.S. v. Wofford, No. 1:25-CV-02016 DC SCR, 2026 WL 297304, at *2 (E.D. Cal. Feb. 4, 2026); 8 C.F.R. §§ 236.1(d)(1), 1003.19; Rodriguez Diaz, 53 F.4th at 1197 (citing 8 C.F.R. §§ 236.1(d)(1), 1003.19)).  At this hearing, "[p]etitioner bears the burden of establishing that he is not a risk of flight or danger to the

8

community." J.S. v. Wofford, 2026 WL 297304, at *2 (where petitioner not previously released by immigration authorities or subject to prolonged detention, granting bond hearing where petitioner bears burden of proof), adopting findings and recommendations, 2026 WL 125258, at *8 (E.D. Cal. Jan. 16, 2026).

### B.    Request for Payment of Petitioner's Travel Costs

Though the Court does not recommend release, the Court addresses petitioner's argument regarding travel costs.  Petitioner argues that he is entitled to equitable relief to restore petitioner to the last uncontested status preceding his arrest and detention, and respondents should be required to pay petitioner's travel costs to return to his home in Maryland.  (ECF No. 1 at 28.) Respondents object, arguing that monetary relief is not available in a habeas case, and is only available where the government has waived sovereign immunity.  (ECF No. 10 at 4 (citing Christian v. Norwood, 376 F. App'x 725, 726 (9th Cir. 2010) (Denying request for reimbursement of expenses to pursue claim because a section 2241 petition is not the proper vehicle for obtaining money damages); Lane v. Pena, 518 U.S. 187, 192 (1996) ("To sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims.").)  In reply, petitioner contends that he does not seek money damages, but rather equitable relief that the government bear the costs necessary to restore petitioner to the status quo ante, given his indigent status and the fact he was "carted thousands of miles away from his residence in violation of the law."  (ECF No. 11 at 16 (citing Estrada v. S. St. Prop., LLC, 2017 WL 3461290, at *5 (C.D. Cal. Aug. 11, 2017) ("Although not a form of monetary recovery, [an] injunction will undoubtedly require that defendant spend money to remove the barriers.").)

Petitioner also cites another magistrate judge's recommendation that the government reimburse a similarly situated habeas detainee held at the same detention facility as petitioner for travel expenses back to the detainee's home state of Maryland.  (ECF No. 11 at 16-17 (citing Martinez-Fernandez v. Warden, No. 1:26-cv-1660 DAD SCR,  2026 WL 747133, at *1 (E.D. Cal. Mar. 17, 2026) (recommending that "Respondents be directed to pay for petitioner's travel expenses to return to his residence in Maryland via a commercial carrier").  However, since

briefing was completed in this action, the district judge declined to adopt that recommendation, stating:

> Although the court is sympathetic to the extreme hardships placed on petitioner by respondents' unlawful detention of him, "[h]abeas corpus, however, is not the appropriate or even available remedy for damages claims." Sisk v. CSO Branch, 974 F.2d 116, 117 (9th Cir. 1992) (citing Wolff v. McDonnell, 418 U.S. 539, 554 (1974)); see also Furnace v. Giurbino, 838 F.3d 1019, 1026 (9th Cir. 2016) (noting that damages are not available through habeas actions). The court cannot identify any authority supporting the contention that reimbursement of travel expenses are available in a habeas action to return a petitioner to the status quo ante litem. Accordingly, the court will decline to adopt the pending findings and recommendations as to the issue of reimbursement of petitioner's travel expenses without prejudice to the bringing of a well-supported motion seeking such reimbursement based upon legal authority.

Martinez-Fernandez v. Warden, No. 1:26-cv-1660 DAD SCR, 2026 WL 936967, at *1 (E.D. Cal. Apr. 7, 2026). This Court agrees that the monetary relief sought by petitioner is not available in a habeas action and recommends that the request be denied without prejudice. See id.

## C. Request to Enjoin Automatic Stay

Petitioner also asks the Court to enjoin respondents from imposing an automatic stay of any bond order issued by an immigration judge pursuant to this Court's order in the event that DHS were to appeal an order of release petitioner on bond. (ECF No. 1 at 33.) Respondents oppose the request, arguing that their appeal procedures are part of the lawful immigration process. In reply, petitioner cites Otilio B.F. v. Andrews, 809 F. Supp. 3d 1038, 1053 (E.D. Cal. 2025). In Otilio B.F., an immigration judge had ordered the detainee released on bond, but due to DHS's invocation of its automatic stay regulation, the detainee remained in detention. Id. at 1044. The district court noted that courts have held DHS's automatic stay authority violates due process both facially and as applied, and found the provision unconstitutional as applied to the detainee Otilio B.F., and ordered his immediate release. Id. at 1053-56. Here, however, petitioner has cited no authority for imposing such speculative and prospective relief where the bond hearing has not yet been held and the immigration judge has not issued a determination, including any order of release on bond. Petitioner's request should be denied.

///

10

**D.      Request to Enjoin Imposing Conditions of Release**

Finally, petitioner asks this Court to enjoin ICE from placing conditions on petitioner's release unless ordered by an immigration judge or the Court to obviate the need for enforcement motions.  (ECF No. 1 at 29-30, 34.)  In the reply, petitioner argues that the respondents should be enjoined from imposing conditions of release not ordered by this Court or an IJ absent a showing of changed circumstances that warrant additional restrictions by clear and convincing evidence. (ECF No. 11 at 15 citing Singh v. Chestnut, No. 1:26-cv-1867 DAD CSK, 2026 WL 861647, at *2 (E.D. Cal. Mar. 30, 2026); ECF No. 1 at  ¶¶ 101-04 (collecting cases granting such relief).) Respondents oppose petitioner's request, arguing that this was the first time ICE encountered petitioner, "and a pre-deprivation hearing has never been required under the law to impose conditions of release."  (ECF No. 10 at 4.)  This request also seeks relief that is speculative and prospective where the bond hearing has not yet been held and no determination has been made by an immigration judge.  In addition, because this was petitioner's first detention by ICE and as such, there are no prior release conditions, the Court further declines to enjoin such future potential actions.

**VII.      RESPONDENTS' MOTION TO DISMISS**

For the reasons set forth above, respondents' motion to dismiss (ECF No. 10) should be denied.

**VIII.   CONCLUSION**

In summary, the Court recommends that the petition for writ of habeas corpus be granted on petitioner's statutory claim (claim one).

Accordingly, IT IS HEREBY RECOMMENDED that:

1.   The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2.   Respondents' motion to dismiss (ECF No. 10) be DENIED.

3.   Respondents be ordered to provide petitioner Vincente Avalos Garcia (A-221-489-580) with a bond hearing within **seven days** of the adoption of these findings and recommendations where petitioner has the burden to demonstrates that he is not a flight risk or danger to the community.  Petitioner shall be allowed to have his counsel

11

present at the bond hearing.

4. Respondents be directed to file, within five days of the bond hearing, a status report addressing petitioner's status.

5. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 17, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/garc1933.157.2241.imm.bond

12